STATE OF NORTH CAROLINA v. JAY KENNETH ROGERS

No. 8128SC576

(Filed 16 March 1982)

**Searches and Seizures § 11 — search of vehicle proper — probable cause existed**

A police officer had probable cause to believe defendant's automobile contained stolen property where (1) the officer knew goods had been taken from a business a few days previously; (2) the defendant had returned a part of the goods for a reward; (3) the defendant had tried to avoid the officer; and (4) the defendant's automobile was in the area in which defendant was apprehended.

Judge WELLS concurring.

APPEAL by defendant from *Allen, Judge.* Judgment entered 17 December 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 13 November 1981.

The defendant was tried for felonious breaking or entering and felonious larceny. The State's evidence tended to show that Jim's Auto Sales in Asheville was broken into on 25 September 1980 and among the items missing were a briefcase containing automobile titles and an AM/FM Audiovox Converter. The manager of Jim's Auto Sales offered a reward of $100.00 for the return of the briefcase. The defendant delivered the briefcase to Jim's Auto Sales and collected the reward.

Jimmy W. Moore testified that he is a detective with the Asheville Police Department. When he learned the defendant had delivered the briefcase to Jim's Auto Sales he began searching for him. Jimmy W. Moore testified further that he went to Sweeten Creek Drive In and discovered the defendant left shortly after he arrived, that the defendant went behind the building, crossed a brook and a railroad track and went into some woods. The defendant ran into a fence and then returned to the railroad tracks and was heading in an easterly direction on the tracks when he was stopped by Mr. Moore. The detective brought the defendant back to a police car parked in the Sweeten Creek Drive In parking lot and advised him of his rights. After advising the defendant of his rights, Mr. Moore asked for permission to search the defendant's vehicle which was parked in the parking lot. The defendant refused and Mr. Moore told him he would have the vehicle stored. The defendant responded: "Well, if you're going to

store it, you can go ahead and look in it." At this point in the officer's testimony, the defendant made a motion to suppress all evidence found as a result of the search of the automobile.

The court conducted a *voir dire* hearing out of the presence of the jury at which Mr. Moore testified the defendant gave him the automobile keys. Mr. Moore opened the trunk and found the AM/FM Audiovox converter. Mr. Moore testified further that at the time he searched for the defendant, he knew the type car the defendant was driving. On cross-examination, Mr. Moore testified he did not tell the defendant he would store the automobile for the sole purpose of getting permission to search it. The owner of Sweeten Creek Drive In had told him he did not want the vehicle left on the premises. The court made findings of fact consistent with the evidence and denied the defendant's motion to suppress.

The defendant was found not guilty of breaking or entering and guilty of felonious larceny. He appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Assistant Public Defender Robert L. Harrell for defendant appellant.*

WEBB, Judge.

The defendant brings forward one assignment of error. He argues that any evidence as to the converter being found in the trunk of the defendant's automobile should have been suppressed because it was found as the result of an unconstitutional search of defendant's automobile. He contends that he did not give his consent to search the vehicle, that the officer did not have probable cause to believe the defendant's automobile contained stolen property and the officer had no right to search the vehicle incident to the arrest because the defendant was not in or near his automobile when he was arrested.

We hold the officer had probable cause to believe there were stolen goods in the vehicle and the search was legal. There have been many cases dealing with warrantless searches of automobiles. *See State v. Jones*, 295 N.C. 345, 245 S.E. 2d 711 (1978) and the cases cited therein. We believe the rule is that if an

officer has a belief, reasonably arising out of the circumstances known to the officer that an automobile contains stolen goods, this gives him probable cause to search the vehicle and he may do so without a warrant if exigent circumstances make it impractical to secure a search warrant. Exigent circumstances exist if the impounded vehicle is stopped on or near a public highway.

In this case the officer knew goods had been taken from Jim's Auto Sales a few days previously; that the defendant had returned a part of the goods; that the defendant had tried to avoid the officer when he came to Sweeten Creek Drive In; and that the defendant's automobile was in the Drive In parking lot. Under these circumstances it was reasonable for the officer to believe the defendant's vehicle contained stolen goods. The vehicle was close to a public street which meets the exigent circumstances requirement. The officer could lawfully search the defendant's vehicle without a search warrant. The fact that defendant was not at the vehicle at the time of his arrest makes no difference.

No error.

Judge MARTIN (Robert M.) concurs.

Judge WELLS concurs in the result.

Judge WELLS concurring.

I concur in the result because I am persuaded that defendant freely and voluntarily, without coercion, consented to the search of his automobile.